This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40481**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GARY GREGOR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Court Judge**

Raúl Torrez, Attorney General
Felicity Strachan, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**    Defendant Gary Gregor appeals his convictions of four counts of criminal sexual penetration of a minor (child under thirteen) (CSPM), contrary to NMSA 1978, Section 30-9-11(D)(1) (2009); and one count of criminal sexual contact of a minor (unclothed) (child under thirteen) (CSCM), contrary to NMSA 1978, Section 30-9-13(B)(1) (2003). On appeal, Defendant argues that the district court erred in permitting the State's expert witness to testify to grooming, which he asserts is outside the scope of her expertise and that such error harmed his defense. We affirm.

**DISCUSSION**

**{2}** Defendant argues that testimony by Dr. Nienow—qualified by the district court as an expert in child abuse pediatrics and delayed disclosure—concerning grooming exceeded the scope of her expertise. Defendant asserts that "the testimony establishing [Dr. Nienow's] expertise addressed [only] general aspects of child sexual abuse, including anatomy, diagnosis, and delayed disclosure." However, Defendant fails to develop an adequate legal argument and fails to cite to relevant legal authority in support of his argument that grooming falls outside the scope of Dr. Nienow's expertise on child abuse pediatrics and delayed disclosure. *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 (stating "[t]he mere assertions and arguments of counsel are not evidence"); *see also In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that "where arguments in briefs are unsupported by cited authority," we presume counsel was unable to find supporting authority, we will not research authority for counsel, and will not review issues unsupported by authority). Moreover, Defendant relies on only one case in his brief in chief, *Lopez v. Reddy*, 2005-NMCA-054, 137 N.M. 554, 113 P.3d 377, which he fails to tie to the specific facts and circumstances of this case. *See id.* ¶ 22 (concluding that the district court did not abuse its discretion in determining that an expert witness "lacked the qualifications to testify as to the standard of care applicable to [the d]efendant"). Ordinarily, this Court **"**will not review unclear arguments, or guess at what [a party's] arguments might be," *see Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; however, even addressing the merits of Defendant's argument to the best of our ability, we find no error.

**{3}** We review a district court's decision to admit or exclude evidence, including expert testimony, for an abuse of discretion. *See State v. Alberico*, 1993-NMSC-047, ¶ 58, 116 N.M. 156, 861 P.2d 192. An abuse of discretion occurs where "the [district court] judge's action was obviously erroneous, arbitrary, or unwarranted" or is "clearly against the logic and effect of the facts and circumstances before the court." *Id.* ¶ 63. Defendant does not dispute the district court's qualification of Dr. Nienow as an expert on child abuse pediatrics and delayed disclosure. Rather, the basis of Defendant's objection to the State's line of questioning concerning grooming below, was that Dr. Nienow had merely attended "some lectures" about grooming—asserting this does not qualify her as an expert in the topic. On appeal, Defendant similarly argues that "Dr. Nienow had published nothing in the area of grooming and that none of her training and experience had been focused" on grooming. We disagree.

**{4}** Based on our review of the record, Dr. Nienow testified that grooming is a part of child abuse pediatrics; that grooming is something that she is asked to testify about on a regular basis; that she regularly stays apprised of literature and publications relating to child sexual abuse in general—including grooming; and that she understands aspects of grooming and how grooming relates to child abuse in general because it is a part of her specific training and experience. Finally, Dr. Nienow testified that one has to "understand the grooming process, how to recognize it and how to educate families to

recognize it . . . [i]t's all part of my education and training in regard to child abuse pediatrics[, i]t falls under that umbrella."

**{5}** The district court ultimately overruled Defendant's objection, finding that grooming fell under the umbrella of child sexual abuse pediatrics and ruled that Dr. Nienow's testimony on grooming was admissible. In light of Defendant's deficient briefing and Dr. Nienow's testimony concerning her personal qualifications in regard to the topic of grooming, we cannot say the district court abused its discretion in concluding that grooming fell within the scope of Dr. Nienow's expertise as it relates to child abuse pediatrics and delayed disclosure. *See* Rule 11-702 NMRA ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."); *see also Conception & Rosario Acosta v. Shell W. Expl. & Prod., Inc.*, 2016-NMSC-012, ¶ 28, 370 P.3d 761 (stating that any doubt about the admissibility of expert testimony should be resolved in favor of admission). Therefore, even had Defendant adequately briefed this issue for appeal, we find no error.

## CONCLUSION

**{6}** For the foregoing reasons, we affirm.

**{7}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**